# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Nov 06, 2023
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
Timing Advance "True Call" area search for all records and ) Case No. 23 MJ 177
unique device/user identifiers pertaining to Timing Advance )
location information during the dates, times, and geographical )
boundaries listed in Attachment A )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the ___Eastern___ District of ___Wisconsin___, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2119 | Carjacking |
| 18 U.S.C. § 924(c) | Use of a Firearm during the Commission of a Violent Crime |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

FRANK RUTTER  Digitally signed by FRANK RUTTER
Date: 2023.11.03 09:47:34 -05'00'

*Applicant's signature*

Frank Rutter, Special Agent, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___TELEPHONE___ *(specify reliable electronic means)*.

Date: 11/6/2023

*[signed] William E. Duffin*
*Judge's signature*

City and state: Milwaukee, WI    Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Frank Rutter, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for records and information associated with certain cellular towers ("cell towers") and records generated by the cellular networks that are in the possession, custody, and/or control of T-Mobile, a cellular service provider headquartered at 4 Sylvan way, Parsippany, New Jersey 07054; US Cellular, a cellular service provider headquartered at 8410 W. Bryn Mawr Ave, Chicago, IL; and AT&T, a cellular service provider headquartered at 11760 U.S. Highway 1, Suite 300, North Palm Beach, FL 33408. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under Title 18 U.S.C. §2703(c)(1)(A) to require T-Mobile/US cellular/AT&T to disclose to the government copies of the information further described in Attachment B.

2. I am employed with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since 2015. As an ATF Agent, I have participated in the investigation of firearms and narcotics-related offenses, resulting in the prosecution and conviction of numerous individuals and the seizure of illegal drugs, and weapons. As a firearms investigator, I have interviewed many individuals involved in firearm and drug trafficking and have obtained information from them regarding acquisition, sale, importation, manufacture, and distribution of firearms and controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology utilized by the traffickers and abusers of controlled substances.

3. I have completed approximately 26 weeks of training at the Federal Law Enforcement Training Center in Glynco, Georgia, as well as the ATF National Academy. That training included various legal courses related to constitutional law as well as search and seizure authority. Additionally, I have received training on how to conduct various tasks associated with criminal investigations, such as interviewing, surveillance, and evidence collection.

4. I have previously applied for and received search warrants related to cell site data and other related cellphone company records.

5. This affidavit is based upon my personal knowledge as well as information provided to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon information gathered from interviews of citizen witnesses, reports, official records, law enforcement reports, and my training and experience.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. § 2119 (carjacking) and Title 18 U.S.C. § 924(c)(use of a firearm during the commission of a violent crime), have been committed by multiple unknown individuals. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

### October 26, 2023 Carjacking (Locations 1 and 2)

7. On October 26, 2023, the Milwaukee Police Department (MPD) responded to an armed carjacking which occurred at 3915 S. Logan Avenue, Milwaukee, Wisconsin (Location 1). When officers arrived the spoke to the victim, identified as B.F. (DOB XX/XX/1989) who stated he was seated in the driver's seat of his vehicle, a gray 2018 Volkswagen Passat sedan (bearing

Wisconsin license plate ARV1960), using an iPad for work purposes. B.F. stated at approximately 5:20 pm (CST) he observed an unknown black male (Suspect 1) walk up to his front driver's door, open the closed door, and order him out of the vehicle. B.F. stated Suspect 1 pointed, what B.F. believed to be, a black semi-automatic with a light-colored grip, at his head. B.F. stated he complied and exited the vehicle. B.F. stated after he got out of the vehicle, Suspect 1 grabbed him and pulled him to the middle of S. Logan Avenue and asked B.F. what other property he possessed. B.F. stated he told Suspect 1 he had a wallet and Suspect 1 took the wallet from him. B.F. stated Suspect 1 then got into the driver seat of the aforementioned Volkswagen sedan, and another black male (Suspect 2), got into the front passenger seat. B.F. stated the suspects then drove away west bound in the alley from S. Logan Avenue.

8. B.F. described Suspect 1 as a black male, late teens to early 20's, approximately 5'10", skinny build, wearing a charcoal gray hooded sweatshirt with the hood up, and blue jeans with different shades. B.F. stated the sweatshirt had a large lighter-colored emblem on the chest.

9. B.F. described Suspect 2 as a black male, unknown age, approximately 5'04" to 5'07", skinny build, wearing a dark gray hooded sweatshirt with the hood up.

10. MPD detectives later spoke to witness J. N. who stated she observed two black males wearing hooded sweatshirts enter a gray vehicle and drive away. Detectives located and viewed ring doorbell footage which corroborated the victim's statement of events. Detectives describe Suspect 1 as black male, approximately 5'10", skinny build, wearing a dark colored hooded sweatshirt with a large white or light-colored chest emblem on it, possibly blue jeans, and dark shoes. Suspect 2 was observed to be a black male, approximately 5'05", skinny build, wearing a light gray hooded sweatshirt with the hood up, dark pants, and white or light-colored shoes.

11.     A short time later, MPD responded and talked to a witness, N.S. N.S. stated at approximately 05:30 pm, he was jogging westbound on E. Howard Avenue past S. Pine Avenue, when he located an Apple iPhone in the middle of the sidewalk on the north end of E. Howard Ave. just west of S. Pine Avenue (Location 2). N.S. stated he called the number displayed on the phone's lock screen and it resulted in MPD being dispatched to his location. The phone was determined by MPD to be B.F.'s phone, which was inside his vehicle during the carjacking, and was subsequently returned to B.F.

### Auto Zone Purchase (Location 3)

12.     While conducting their investigation into the October 26, 2023 carjacking of the aforementioned Volkswagen Passat sedan, Detectives determined the vehicle was spotted at an Auto Zone, located at 208 E. Capitol Drive (Location 3), Milwaukee, Wisconsin, on October 27, 2023 at 12:38 pm (CST). Video footage collected from the business depicts the aforementioned Volkswagen Passat sedan arrive and park in the parking lot of the business. MPD Detective Michael Martin observed the front passenger exit the vehicle. Det. Martin recognized this individual to be Suspect 1 from the carjacking on October 26, 2023. The surveillance footage further depicted Suspect 1 enter the store and purchase a roll of window tint, which the suspect pays for by utilizing his phone's tap-to-pay feature at the register. Suspect 1 then exits the store, gets back into the front passenger seat of the Passat, and the vehicle drives away.

13.     Det. Martin further described Suspect 1, from the surveillance video, as a black male, approximately 20 years old, 5'10" to 6'00", skinny build, dark complexion, wearing a black "pooh sheisty" pull over head mask, a black hooded sweatshirt with a cartoon "Popeye the Sailor Man" emblem on it, black jogging pants with a vertical gray stripe on the side, and a

possible Milwaukee Bucks deer head logo on the stripe, electric blue underwear, black shoes and white socks.

**October 27, 2023 Fleeing/Eluding MPD (Locations 4 and 5)**

14. On October 27, 2023, at approximately 5:53 pm (CST), MPD observed a vehicle matching the description of the aforementioned Volkswagen Passat, which officers knew to be stolen, driving southbound on N. 51st Street from W. Capitol Avenue (Location 4). MPD Officers initiated a traffic stop, in their fully marked MPD squad, and the vehicle failed to stop and fled from officers at a high rate of speed. MPD maintained visual contact of the vehicle until the pursuit ended in the area of 2301 N. 18th Street (Location 5), when the vehicle stopped, and four occupants fled on foot. MPD gave chase and arrested two of the four occupants the vehicle. The occupants were further described as:

- Driver of the vehicle, arrested and identified as John M. DAVIS (B/M, DOB XX/XX/1997), wearing a dark-colored hooded sweatshirt with a "Glock" firearms brand graphic and white writing with the text "No Gun, No Fun" on the back of the sweatshirt.
- Rear, driver side passenger arrested and identified as Willie E. ADAMS (B/M, DOB XX/XX/1997).
- Front passenger, black male, wearing a black hooded sweatshirt, red track pants with white stripes.
- Rear, passenger side passenger, black male, wearing a black hooded sweatshirt, black pants, and blue underwear.

## TECHNICAL INFORMATION

15. In my training and experience, I have learned that T-Mobile/US Cellular/AT&T are companies that provides cellular communications service to a significant percentage of the general public. In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to specific geographic areas. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data. When sending or receiving communications, a cellular device does not always utilize the cell tower that is closest to it. Additionally, cellular service providers such as T-Mobile, US Cellular, and AT&T also capture historical location data that is generated and derived from a cellular device's interaction with the cellular network. This information may include but not be limited to a cellular device's distance from a particular cell tower and network derived location, which are generally estimates, of the device in latitude and longitude.

16. Based on my training and experience, I also know that each cellular device is identified by one or more unique identifiers. For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The types of identifiers assigned to a given cellular device are dependent on the device and the cellular network on which it operates.

17.     Based on my training and experience, I know that cellular providers such as T-Mobile/US Cellular/AT&T in their regular course of business maintain certain types of location data associated with a cellular device based on that cellular device's interaction with the cellular network. For these interactions with the cellular network these records may include unique identifiers for the wireless device that interacted with the network ("the locally served wireless device'); the date, time and duration of the interaction with the network; the cell tower and sector (i.e. face of the tower) that was involved; the distance from the tower and sector that the cellular device was located; and the estimated latitude and longitude of the cellular device. The aforementioned location information is often contained within Timing Advance data, also known as True Call, and/or LOCDBOR data that is captured and controlled by T-Mobile/US Cellular/AT&T.

18.     Furthermore, your affiant also notes that information about each transaction, such as the originating and destination phone numbers, duration, date/time, and tower/sector utilized for voice and text communications is also retained in the normal course of business and can be provided in response to this warrant. Your affiant notes that US Cellular is the provider that will provide voice and text activity in response to an area search based on their processing of the request. The information provided by US Cellular is limited to only the cell sites that are identified within the initial area search parameters.

19.     Your affiant notes that that in speaking with experts in the field of historical call detail record analysis that the estimated latitude and longitudes of a device on the AT&T network can be sourced from multiple inputs that may vary largely in their precision. Due to these estimations, a larger search area is being requested due to these variances in the precision.

20. Your affiant notes that while the search radius will be larger for AT&T due to the source of the data that the information will only look for those devices consistent amongst multiple locations and/or consistent with the facts of the crime. Additionally, this information will not be utilized for any further purpose outside the authorization within this warrant.

21. Based on my training and experience and the above facts, information obtained from cellular service providers, such as T-Mobile/US Cellular/AT&T, reveal cell towers (and, where applicable, sectors) that were used and the estimated location information (the distance from the tower and sector and estimated latitude and longitude) of a given cellular device engaged in a particular communication or interaction with the cellular network can be used to show that the device was in the general vicinity of the cell tower or an estimated location at the time the communication or network interaction occurred. Thus, the records described in Attachment A will identify the cellular devices that were in the vicinity of:

 a. Location 1 – 3915 S. Logan Ave, Milwaukee, Wisconsin, 42.97368, -87.89751, on October 26, 2023, from approximately 5:10 pm (CST) – 5:30 pm (CST);

 b. Location 2 – Intersection of E. Howard Avenue and S. Pine Avenue, Milwaukee, Wisconsin, 42.97388, -87.89991, on October 26, 2023, from approximately 05:10 pm (CST) to 05:30 pm (CST);

 c. Location 3 – 208 E. Capitol Drive, Milwaukee, Wisconsin, 43.08934, -87.90875, on October 27, 2023, from approximately 12:28 pm (CST) – 12:48 pm (CST);

 d. Location 4 – Intersection of N. 51st Blvd. and W. Capitol Drive, Milwaukee, Wisconsin, 43.08956, -87.97705, on October 27, 2023, from approximately 05:43 pm (CST) to 06:03 pm (CST)

 e. Location 5 – 2301 N. 18th Street, Milwaukee, Wisconsin, 43.06055, -87.93511, on October 27, 2023, from approximately 05:50 pm (CST) to 06:10 pm (CST)

22. Probable cause exists to believe that the records requested contain evidence related to identifying the unknown individuals who committed violations of Title 18 U.S.C. § 2119 (carjacking) and Title 18 U.S.C. § 924(c)(use of a firearm during the commission of a violent crime).

## AUTHORIZATION REQUEST

23. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to title 18 U.S.C. §2703(c) and Federal Rule of Criminal Procedure 41.

24. I further request that the Court direct T-Mobile/US Cellular/AT&T/Verizon to disclose to the government any information described in Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile/US Cellular/AT&T/Verizon, who will then compile the requested records at a time convenient to it, reasonable cause to permit the execution of the requested warrant at any time in the day or night.

25. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

# ATTACHMENT A
## Property to Be Searched

This warrant applies to a Timing Advance "True Call" and/or LOCDBOR area search for all records and unique device/user identifiers pertaining to Timing Advance and/or LOCDBOR location information during the following listed dates, times, and geographical boundaries (*distance from the GPS points*) of **0.35 Miles** (T-Mobile/US Cellular) and **0.50 Miles (**AT&T):

1. Location #1

GPS Coordinates: 42.97368, -87.89751

Date: October 26, 2023  Time: 5:10 pm (CST) – 5:30 pm (CST)

2. Location #2

GPS Coordinates: 42.97388, -87.89991

Date: October 26, 2023  Time: 05:10 pm (CST) to 05:30 pm (CST)

3. Location #3

GPS Coordinates: 43.08934, -87.90875

Date: October 27, 2023  Time: 12:28 pm (CST) – 12:48 pm (CST)

4. Location #4

GPS Coordinates: 43.08956, -87.97705

Date: October 27, 2023  Time: 05:43 pm (CST) to 06:03 pm (CST)

5. Location #5

GPS Coordinates: 43.06055, -87.93511

Date: October 27, 2023  Time: 05:50 pm (CST) to 06:10 pm (CST)

# ATTACHMENT B

## Items and Information to be Seized and Searched

All information that constitutes evidence of a violation of Title 18 U.S.C. § 2119 (carjacking), and Title 18 U.S.C. § 924(c) (use of a firearm during the commission of a violent crime) committed on October 26, 2023, involving unknown persons, including location information and identifying information as specified below.

1. T-Mobile/US Cellular/AT&T shall provide responsive data for each search area described in Attachment A, and are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made and all cellular device interactions with the network that have generated location information that falls within the defined search area during the corresponding timeframe(s) listed in Attachment A, including records that identify:

    a. The unique identifiers for each wireless device that generated a Timing Advance "true call" record within the search area for each location, including International Mobile Subscriber Identifiers ("IMSI", International Mobile Equipment ("IMEI"), and the make and model of the device;

    b. The starting and ending date/time of the connection along with the duration, originating/terminating phone numbers, and type of communication (voice/text/data);

    c. For each communication with the network, the tower and the sector(s) (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device for both starting and ending points of the communication;

    d. The service type for the communication; and;

    e. The estimated latitude and longitude (along with confidence level) and the distance from the tower for both the starting and ending points of

the communication contained within the Timing Advance "True Call", LOCDBOR records, or similar.

2. These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

3. It is anticipated that identifying information will be requested for devices whose characteristics meet any of the following criteria:

    a. Devices whose cellular network records; including distance from the tower and/or network derived latitude and longitude; are consistent with the facts of the investigation and would not solely reflect a device passing through.

4. However, it is noted that no subscriber information outside the initial search criteria is authorized by this warrant and additional legal process will be submitted.